The next case is Rainey Mutua v. U.S. Attorney General. Benjamin Ross Winograd is here for the petitioner Mutua. Mona Youssef is here for the attorney general. Mr. Winograd, you may proceed. Thank you, Judge Wilson, and may it please the court. The immigration judge and the Board of Immigration Appeals committed multiple errors of law in this case, any one of which would be sufficient to remand the record for further consideration of my client's application for adjustment of status. The IJ first held my client to an improperly high burden of proof by finding that the criminal allegations against him were supported by probable cause rather than a preponderance of the evidence. The Board then applied the wrong standard of review to the IJ's determination, improperly declined to take administrative notice of the transcript of my client's criminal trial, and failed to refer the case to a three-member panel. Unless the court has any questions about its jurisdiction to consider those arguments, I will turn to the merits. Well, I do have a question about our jurisdiction. Our case law reflects that there's a two-part standard to merit a discretionary adjustment. Number one, you've got to be eligible for an adjustment. And number two, you have to merit a favorable exercise of discretion. And on the first element, eligibility, our case law says that that element has to be established by preponderance of the evidence. With regard to the second element, that you merit a favorable exercise of discretion, the case law only requires the IJ to look at the negative factors and determine whether those negative factors outweigh the positive ones. And the IJ is asked to take into consideration things like family ties, length of residency, and hardship. But I am unable to find any precedent to support the argument that that second requirement must be established by a preponderance of the evidence. Can you point me to any authority to support that claim? Your Honor, it is undisputed in this case, but the board acted on the assumption that preponderance was the correct standard. And the government does not dispute that in this case. I'm not aware of any court to squarely address that. But I would argue that the mere fact that the discretionary analysis is a balancing test, it's self-demonstrating. I thought your argument is that the IJ applied the wrong legal standard, and that's why we lack jurisdiction. My argument is that you have jurisdiction because the IJ applied the wrong legal standard. My argument is that we do not dispute that my client had the burden to prove every fact in support of his application. Our argument is that my client had the burden to prove every fact by a preponderance of the evidence, and that the IJ applied the wrong standard by effectively employing the probable cause standard with respect to the criminal allegations against him. The question before the IJ was whether it was more likely than not that my client committed the crime of which he was accused. But instead of employing the preponderance standard, he found that my client did not merit a favorable exercise of discretion because the state of Carolina had probable cause to arrest him and proceed to trial. But as your honors are, of course, aware, probable cause is a lower standard of proof than the preponderance of the evidence. To establish probable cause, authorities do not need to show that it is more likely than not that a person committed a crime. They only need to show that they have reason to believe that the person committed the crime. So we don't dispute that there was probable cause to arrest my client. But again, the question before the IJ was whether it was more likely than not that my client actually committed the crime. And the IJ never answered that question because he apparently believed that the mere existence of probable cause was sufficient to deny my client's application. Now, we raise this argument to the board, of course, but instead of ordering the IJ to apply the correct burden, the board committed precisely the same error. The board recognized that the jury could not reach a verdict, but it upheld the IJ's decision because, quote, there was sufficient evidence in the police reports to show probable cause that the crime occurred. That's on page four of the administrative record. So at no point did either the IJ or the board find that it was more likely than not that my client committed the crime. The only finding made by the agency was that there was probable cause to believe that my client committed the crime. So for that reason alone, we think the court should remand the case back to the agency for it to apply the correct burden. The second but related reason the court should grant the petition for review is that the board applied the wrong standard of review in considering the IJ's finding regarding whether my client committed the crime. The regulations require the board to apply clear error review to facts determined by the immigration judge and de novo review to, quote, all other issues. As I previously noted, the IJ did not make any factual determination that my client committed the crime. He instead found that he could not rule out the possibility that my client committed the crime based on the evidence in the record. The board was thus required to apply de novo review in considering the sufficiency of the evidence that my client put forth. But that is not what the board did. After noting that there was conflicting evidence whether my client committed the crime, the board stated that there was no clear error in the IJ's finding as to my client's, quote, actual conduct. But again, the IJ made no finding as to my client's actual conduct that the board could review for clear error. Now, the government makes the same mischaracterization in its brief to this court, stating on page 23 that the immigration judge could and did choose between two permissible views of the evidence. Now, I, of course, cannot ask questions of government counsel, but if I could, I would ask them to identify the precise language in the IJ's decision where he purportedly determined that my client actually committed the crime. And I would be very interested to hear the answer because I cannot identify any finding in the IJ's decision as to what he believed my client actually did. Well, does the IJ actually have to make that determination that he committed the crime? Because the way I read the case law, all the IJ is required to do is to take into consideration these various factors, like family ties, length of residency and hardship, and determine whether or not these negative factors outweigh positive factors. Yes, the IJ may not have to make an explicit factual finding, but if he does not, then the board cannot purport to review that finding for clear error. It would have to review it de novo. That is our point, that in the absence of a clear factual finding or even an adverse credibility determination in this case, the board was required to apply de novo review to the IJ's determination that my client's evidence was not sufficient to satisfy his burden. But I guess my question is, the IJ doesn't have to determine that he's guilty of the crime in order to find that the Attorney General will not exercise his discretion. Yes, but my point is, even if he does not have to make that finding, the finding that the IJ made instead in this case, that the evidence was not sufficient to carry my client's burden, is the finding that the board had to review de novo, precisely because it is not a factual finding. Under the regulations, the board can only apply clear error review to explicit factual findings. The regulations quite literally say all other issues are subject to de novo review. So the presumption, the default standard of review is de novo, and the exception is clear error, which can only be applied to explicit factual findings and credibility determinations, neither of which were made by the IJ in this case. But is your client testified before the IJ, correct? Correct. Right. And isn't that what happened here, which is that the IJ made a credibility determination? On the contrary, Your Honor, the IJ did not make a credibility determination. The IJ did not find my client incredible at all. He accepted his testimony. And as did the board in its decision, it made that clear. So having accepted my client's testimony as credible and having the IJ accepted the testimony as credible and did not make a finding that he committed the crime, he simply felt, the IJ simply found that the evidence could not rule out the possibility that he committed the crime. And we would argue that that is a legal slash evidentiary determination that the board was required to review de novo rather than for clear error. If the court has no further questions about that specific issue, the third reason we believe the court should grant the petition for review is that the board misread its own regulations in refusing to take administrative notice of the transcript of my client's criminal trial. Now, just as a preliminary matter, in case the court did not see our 28J letter, the amended version of the regulation that we discussed in our reply brief was enjoined by a district court earlier this year, and the government did not appeal that injunction. So the version of the regulation that was discussed in our opening brief is still in effect, and the court does not need to consider the amended version that has been enjoined. Now, on the merits, the regulation at issue says that the board cannot engage in fact-finding when deciding appeals, but it creates an exception for, quote, commonly known facts, such as current events, or the contents of official documents. Now, the board in this case did not dispute that the transcript was an official document of which it could take administrative notice, but it stated that it could only take administrative notice of the existence and contents of the transcript, and that it could not make any factual findings based on the testimony in the transcript. Let me ask you a question. My understanding, and maybe you can correct me if I'm wrong, I thought that your client wanted to introduce the transcript not for fact-finding, but basically you wanted to have the evidence reweighed. We wanted the board to engage in fact-finding. I afraid I don't see the distinction between the two. It seems to me that commonly known facts is something that no one can dispute, right? So the sky is blue. That's a commonly, or it's raining. If you look outside and it's raining, it's a common fact, and we can see that that is true. So I don't see how allowing the transcript in or allowing them to review it, it seems like it would be reweighing the evidence because it's not a commonly known fact. Your Honor, under the regulations, a document does not have to contain commonly known facts in order to be subject to administrative notice. That's the argument that the government raises for the first time in its brief, but which the board itself did not make. The government's argument is just incorrect as a matter of grammar. If the phrase commonly known facts was followed by a comma, then that phrase would modify both current events and the contents of official documents. The facts have to not be reasonably subject to dispute. That's the requirement, right? No, Your Honor, that's the version of the regulation that has been enjoined. That's the version we discussed in our reply brief, and that has been enjoined. The version of the regulation that was in effect when the board decided this case and is still in effect says that except for taking administrative notice of commonly known facts, such as current events or the contents of official documents, the board will not engage in fact-finding in the course of deciding appeals. So in our view, the regulation sets forth two categories of evidence that is subject to administrative notice. But again, I'm going back to that. An official document is – so let's say you have an official document, which is a document showing that you were deported on X date. Well, that's a commonly known fact. This is the date of deportation. But the transcript, the trial transcript is an official document, but it does not have a commonly known fact because it's evidence. And then so for a fact finder to make a determination as to what transpired there. But again, Your Honor, our contention is that the commonly known facts requirement only applies to current events. It does not apply to the contents of official documents. The contents of official documents is a standalone category of which the board may take administrative notice. I see them over my time. Is a transcript an official document? Oh, certainly, Your Honor. And the board did not dispute as much in footnote two of its decision. The board explicitly acknowledged that the transcript was an official document of which it could take administrative notice. It simply declined to do so because the way the board read the regulation, it could only take administrative notice of the existence and contents of the transcript, as opposed to making factual findings based on the testimony in the transcript. And our position is that that's really a distinction without a difference. If the board can take administrative notice of the contents of the transcript, then by definition, it could make factual findings based on the contents of the transcript. All right, Mr. Winograd, you've reserved some time for rebuttal. Let's hear from the attorney general, Ms. Youssef. Good morning. Can you hear me? Yes, we can. Yes. Thank you so much. Mona Youssef for the attorney general. There was only one issue before the agency in this case. And that's whether a non-citizen with two violations of his entry visa and a person who is arrested, tried, and not acquitted of criminal conduct with a child merits a favorable exercise of discretion, or in other words, an act of grace to attain legal status in this country. Petitioner admits, and statute provides, that petitioner bears the burden of proving that the merits of a favorable exercise of discretion. I apologize for flubbing over those words. And as Judge Wilson correctly pointed out, the word preponderance of the evidence doesn't really arise in the lexicon of these cases. Going back all the way to 1970, the standard employed has been balancing the equities. And in the case, as in this case, where there is adverse factors present, the applicant must offset those by showing unusual or even outstanding equities. Now, the court has held that the board may consider evidence of criminal conduct or other unbecoming behavior, regardless of whether that conduct led to or is reflected in the criminal record when considering whether or not to exercise discretion. Even allegations of criminal conduct, absent of final conviction, may be considered. Now, in this case, petitioner... Let me interrupt you for a second. Yes. What if he was acquitted at the trial? Would the Attorney General consider this case differently? Well, I guess it would depend on what DHS argued before the IJ. But that would certainly be more evidence that he didn't engage in misconduct. But in this case, we're kind of left with a he said, she said. And contrary to what petitioner was just arguing, the IJ did not determine that his client committed the crime because there was probable cause. But contrary to what the IJ did say on page 600 of the record, in the second paragraph, he listed many different reasons why the evidence before him indicated that it's more likely he engaged in bad conduct with this child. We don't know exactly what it is, but the fact that he was not acquitted, that there was psychological reports and medical reports presented that did not absolve the petitioner of having committed these crimes. The fact that there was enough evidence for police to arrest him, the fact there was enough evidence for the state to go forward in the trial, and that the court, or I'm sorry, the jury didn't acquit him, all points to petitioner engaging in bad conduct so that he doesn't warrant an exercise of discretion. So if I accept your argument, if he were accused of this crime, charged with the crime, and the state decided not to prosecute him for the crime, the IJ could still take into consideration the fact that he was accused of committing a serious crime and determining whether or not it would exercise its discretion to adjust his status. Exactly. But that probably would be given less weight. I mean, the whole thing with determining whether or not the alien met his requirement for establishing he merits an exercise of discretion is identifying the factors and weighing the factors. So certainly if the state decided not to go through with it, that would probably be less weight than the fact here, they went through a whole trial and even the jury couldn't acquit him of the crime. They didn't convict him, but they didn't acquit him. And it's really not an issue of whether or not he is culpably a crime. It's whether or not he engaged in some kind of bad conduct that we wouldn't want this person to attain adjustment status or be given an act of grace, which is his burden to prove. And in this case, the board explained and the IJ explained that the fact that he only provided nominal evidence as to this kind of critical fact. And that was just that the state decided not to retry him because the victim didn't want to testify again. And the fact that his defense attorney claimed that he always maintains his innocence. That wasn't sufficient evidence to get him over the hump, given all the other evidence that was presented in front of him. And then the IJ used that fact and considered with all the other facts in the record, including his long residency here, he seems to be a good husband, a good son-in-law, and determined that based on the foregoing, and this is in the IJ's decision, I apologize. Respondent has not demonstrated that the positive equities outweigh the serious adverse factors of this criminal history and abuse of the immigration system. So therefore, based on the existing evidence before the agency, coupled with the severity of the crimes alleged is sufficient to conclude that respondent does not merit adjustment of status as a matter of discretion. So respondent maintains that the agency employed all the right standards that you can see them on page 597, 598 of the IJ's decision, page 600. And then number one, was there a clear and convincing evidence standard as petitioners attempts to allege or that they used a probable cause standard? What they said was that was one of the many factors to try to figure out what is a permissible view of the evidence. And then number two is, did he engage in bad conduct? It doesn't have to be culpably, he doesn't have to be conduct that would have convicted him of crime, but just bad conduct. And here it's a serious allegation of conduct with a child. Can you address the question of whether it should be de novo review or clear error? Well, de novo review, I don't think is disputed that that applies to the overall decision and what petitioner seems to be arguing is on the bottom of page four of the record. The IJ said, in this case, there is conflicting evidence of whether the respondent engaged in criminal sexual conduct with a child. As there is conflicting evidence, the immigration judge's finding as to the respondent's actual conduct is a permissible view of the evidence. And that's just basically saying that the IJ made a fact, and that is on the bottom, or sorry, the bottom of the second paragraph on page 600, that given all the evidence, balancing all these factors, yeah, I don't know if he actually committed this crime, but the evidence points to that there was some kind of molestation of this young girl. And he used that fact, which is reviewed for clear error by the board. And that's exactly what they did. They cited to a case that's listed on the top of page five, which basically says when there's two permissible facts, you can pick one over the other. So what the board was saying is there are facts here. The IJ made some facts. There was no clear error in the facts he made. And then they applied the DeNova review, saying, well, the way the IJ balanced the facts, that was subject to DeNova review, and that was proper, and there was no, and that's why they affirmed the immigration judge's decision. And as to the trial transcript, respondent maintains that that evidence was not proper evidence to actually take for administrative notice, because as the panel was pointing out, it's not, it doesn't contain commonly known facts. It's not like a country report, which says there was an election in Nigeria that year. The transcript necessarily shows two different views. And the reason he submitted the transcript was found on, I apologize, on page 50 of the record. He argued before the board that the transcript all but demonstrates that he did not commit the crime for which he was accused. So he's asking the board to make a factual finding that he didn't commit the crime. How do you address opposing counsel's argument that commonly known facts only applies to current events? I guess I'm not going to fight him on the grammar, but the way I read it is it's commonly known facts, and two examples come from the country reports and the official documents, but I would also point out that, assuming he's correct, assuming that this could have been taken, the board could have taken administrative notice of this. And assuming that the board could have reviewed it to try to decide whether or not this particular individual engaged in bad conduct, the board actually answers that question on page six. And they do so when they were denying his motion to remand, because in addition to asking the board to take administrative notice, on page 58, he argued before the board, the board should remand to the IJ because the IJ did not have the benefit of the transcript when issuing his decision. While the board, granted, this court can't review the denial of the remand motion because petitioner waived that in his opening brief, but the answer, again, is contained on page six, where the board says, we are not persuaded that the purported impossibilities and inconsistencies that respondent has identified in the transcript would more likely than not change the result in this case. So they're basically addressing his argument that we don't believe you that the transcript all but demonstrates that he did not commit the crime for which he was accused. So the issue really becomes moot, because even if they had addressed it, even if they had admitted it, they're telling you that it wouldn't have changed the result anyway, because we don't agree that it actually establishes what you claim it establishes. So for all the reasons, because this is a case involving somebody who is accused of a serious criminal act of sexual misconduct with a child, in addition to two immigration violations, and there is no evidence at all when you read the totality of the immigration's decision and the board's decision that the court, that they use the wrong standard. There is no, there is no jurisdiction to review this case, and the Attorney General asks that this case be dismissed or the petition for review be dismissed. Are there, if there are any other questions. I'll thank you for your time. All right, thank you. Mr. Winograd, you've reserved some time for rebuttal. Your Honor. So clearly this case centers on the factual dispute over whether my client committed the crime at issue. There's no dispute that my client bore the burden of establishing the fact that he did not commit the crime. But then the question becomes, well, what exactly was my client's evidentiary burden. Preponderance is the default burden in civil cases, and the board itself presumed that my client's burden was preponderance of the evidence. So we would submit that the court itself must make the same presumption. But even the government does not dispute that the IJ failed to employ the preponderance standard. And to follow up on your question, Judge Wilson, if the court does accept the government's argument, any alien who is arrested for committing a serious crime. Tell me again where you get this, that there's a preponderance of the evidence standard that applies with regard to that second element. The board's decision itself. The board agreed with our argument that the preponderance standard applies. It simply found that the IJ did apply the preponderance standard. And because the board itself found that the preponderance standard applies under the Chenery Doctrine, this court must as well. So if there's a preponderance of the evidence standard, it's determined whether or not he merits the exercise of a favorable decision. That's the ultimate burden, but the preponderance standard also applies to any underlying factual determination. The same way in a criminal case that the prosecution must prove each and every element. Where are you getting that? What's your authority for that? We apply a preponderance of the IJ's required to apply a preponderance of the evidence standard as to each fact that it relies upon. Determine whether or not he merits the exercise of discretion. Correct, Your Honor. When the law imposes burdens on parties, that burden applies equally to any underlying factual contention. That's simply my understanding of how the law works and why in the criminal context, for example, prosecutors have to establish each individual element beyond a reasonable doubt. Not simply the entire case beyond a reasonable doubt. If I could just very briefly touch on my final argument, which is that the board, at a minimum, should have referred my client's case to a three-member panel. Under the regulations, single members of the board can only decide a case. Well, you didn't make that argument initially, and so Ms. Yousef did not have an opportunity to respond to it. So, consistent with our protocol, you are confined to the other two arguments that you mentioned in your initial argument. Oh, I see, Your Honor. Okay. We understand your argument. We have your brief, and we will give that issue thorough consideration as well. Thank you, Your Honor. All right. Thank you, Mr. Winograd, and thank you, Ms. Yousef. Thank you, both.